(1)

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ARIEL NICOLE CUNNINGHAM<br>MOVANT<br>V.<br>UNITED STATES OF AMERICA<br>RESPONDENT | Crim. No. 6:21-CR-0058-P-BU(14<br>Memorandum of law in support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal custody. |

## JURISDICTION

Comes now the Movant, Ariel Nicole Cunningham appearing pro se, Haines V. Kerner, 404 U.S. 519, 520, 30 L.Ed. 2d 652 (1972)(Pro se filings construed liberally), Cunningham is timely filing a Motion to Vacate, Set Aside, or correct a sentence by a person in Federal Custody, Pursuant to U.S.C § 2255, Contemporaneously with this Memorandum of Law, for violations of 18 U.S.C. § 1591 (a)(1) and (b)(2) for counts one and two, and § 1594 (c) for count three.

Jurisdiction is vested in this district court that presided over and imposed sentence pursuant to Rule 4 (a) of the rules governing § 2255 proceedings.

As a preliminary matter, Cunningham respectfully requests the court to be mindful that "a pro se complaint should be liberal construction, we mean that if the essence of an allegation is discernible then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." See Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner 404 U.S. 519 (1972).

## COGNIZABLE ISSUES UNDER 28 § U.S.C. 2255

The function of a § 2255 Motion to Vacate, Set Aside or Correct Sentence is to inquire into the legality of the federal prisoners detention. See Heflin v. United States, 358 U.S. 415, 421 (1959) Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the imposition or length of his or her detention: (1) "That the sentence was imposed in violation of the Constitution or laws of The United States"; (2) "That the court was without jurisdiction to impose such sentence."; (3) "That the sentence was in excess of the maximum authorized by law." (4) "That the sentence is otherwise 'subject to collateral attack.'" 28 U.S.C. § 2255 (1994). Despite this apparently broad language, violations of federal law are only cognizable if they involve a "fundamental defect" resulting in a "complete miscarriage of justice." See Davis v. United States 417 U.S. 333, 346 (1974).

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing to Vacate, Set Aside, or correct a sentence. 28 U.S.C § 2255 (A) Once a petitioner files a 2255 motion, "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C § 2255 (B) A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." See Deltoro-Aguilera v. United States, 625 F.3d 434 (8th cir 2010) "A petitioner need only to allege - not prove reasonably specific, non-conclusory facts that, if true, would entitle him to relief." See Owens v. Balt. City States Attorney's office, 767 F.3d 379 (4th cir 2014) However, a district court need not hold a hearing if the allegations are "patently frivolous," "based on unsupported generalizations," or "affirmatively contradicted by the records." See Holmes 876 F.2d at 1553.

A § 2255 motion requires the district court to either order the government to respond or to hold an evidentiary hearing unless the motion, files and records of the case demonstrate that no relief is warranted. See Franco v. United States, 762 F.3d 761 (8th cir. 2014). "Under 28 U.S.C § 2255, unless the motion and record as constituded show conclusively that relief is not available an evidentiary hearing

should be held."

28 U.S.C § 2255 (B) Upon granting a § 2255 motion, "The court shall vacate and set the judgement aside and shall discharge the prisoner or resentence him or correct the sentence as may appear appropriate." The remedy provided in § 2255 is broad and flexible, and entrusts the federal courts with the power to fashion appropriate relief. See Andrews v. United States 373 U.S. 334, 339 (1963)

Ineffective assistance of counsel claims are cognizable in a § 2255 setting because they are of constitutional dimension. See Kimmelmen v. Morrison 477 U.S 365, 371-79 and n.3 (1986); Strickland v. Washington 466 U.S. 668 (1984)

To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Kemmelman, 477 U.S. at 375.

"The reasonableness of counsel's challenged conduct" be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." See Lockart v. Fretwell, 506 U.S. 364, 371 (1993) (citing Strickland, 466 U.S. at 690) In the course of the latter portion of

(5)

this inquiry, the court must consider not merely whether the outcome of the defendants case would have been different, but also whether counsel's deficent preformance caused the outcome of the defendants case would be unreliable or the proceeding to be fundamentally unfair. See Lockart, 506 U.S. at 368-73 "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Lockhart 506 U.S. at 372. Thus, prejudice is measured by current law and not by the law as it existed at the time of the alleged error.

The familiar two-part test of Strickland has been applied by the Supreme Court and the Second Circuit in a wide variety of contextual challenges to the effectiveness of counsel's preformance. With regard to the preformance prong of the Strickland/Hill test, "if a defendant is represented by counsel and pleas guilty or not guilty upon advice of counsel, or lack thereof, the voluntariness of the plea depends on whether counsel's advice was in the range of competence demanded of attorneys in criminal cases." See McMann V. Richardson, 397 U.S. 759 (1970). "To prove prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 841-42 "And of course, 'any amount of actual jail time has Sixth Amendment

significance', which constitutes prejudice for purposes of the Strickland test." See Glover V. United States. 531 U.S. 198, 203 (2001). Additionally, 'before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of counsel." See Missouri V. Frye 132 S. Ct. 1399 (2012); Lafler V. Cooper, 132 S. Ct. 1376 (2012); Premo V. Moore 131 S. Ct. 733, 743; Padilla V. Kentucky) 130 S. CT. 1473, 1480-81 (2010)

In an effort to provide guidance as to how Hill applies to differing factual settings, The Supreme Court decided Lafler and Frye and established a Constitutional standard applicable in all of the seperate phases of criminal trial to which the Sixth Amendment applies including the point at which a defendant decides whether to plead guilty to a crime or not. In Lafler, the court held that when counsel's ineffective advice led to an officers rejection, and when the prejudice alleged is having to stand trial, a defendant must show that, but for the ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms, and that the conviction or sentence, or both, under the offers terms would have been less severe then under the actual judgement and sentence imposed. In Frye the court held that the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers that lapse or are rejected, and

that right applies to "all 'critical' stages of the criminal proceedings."

In context of sentencing, prejudice means that but for counsel's error(s), acts and/or omission, his sentence would have been significantly less harsh. See Theus v. United States. 611 F. 3d 441 (8th cir. 2010)

The Supreme court has long held that "a lawyer who disregards specific instructions from the defendant acts in a manner that is professionally unreasonable." Flores-Ortega, 528 U.S. 470, 476-77 (2000)

Finally, in a ruling on a motion under § 2255 the district court is required to hold a hearing "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C § 2255.

(8)

## GROUND ONE FOR RELIEF

(1) Ineffective Assistance of Counsel
(A) Petitioner's attorney failed to raise the issue of whether or not defendant deserve a minor role reduction in the offense, pursuant to U.S.S.G 3B1.2.

Pursuant to U.S.S.G 3B1.2 The district court may grant sentence reduction to a defendant that had a minor participation in the offense. "A minor participant" is a defendant who is 'substatially' less capable than the average participant in the activity.

Amendment 794 is a result of the commission's study of 3B1.2 (mitigation role), the study found that mitigating role varies along the southwest border, with a law of 14.3 percent of couriers and mules recieve mitigating role there are differences from district to district in application rates of the 2-3- and 4 level adjustments. The same applies to to all other offenses across the board U.S.S.G. Appendix C. Amendment 794. The amendment resolves a circuit split. Specifically it addresses a curcuit conflict and other case law may be discouraging courts from applying the adjustment in otherwise appropriate circumstances. Section 3B1.2 provides and adjustment of 2,3, or 4 levels for a defendant who plays a part in committing the offense that makes him or her "substantially less culpable than the average participant."

However, there were differences among the circuits about what "the average participant" requires U.S.S.G Appendix C. Amendment 794. Some courts assessed a defendant against a hypothetical average participant. United States Vs. Teeter, 257 F.3d 14, 30, 31 (1st Cir. 2001) (writing a defendant must demonstrate that he is both less culpable than most participants in his crime and "also less culpable than the majority of those within the univers of persons participating in similar crimes.") The amendment generally adopts the approach of the Seventh and Nineth Circuit, revising the commentary to specify that, when determining mitigating role, the defendant is to be compared with the other participants "in the criminal activity." Focusing in the courts attention on the individual defendant and the other participants is more consistant with the other provisions of Chapter Three, Part B. See e.g. 3B1 2 U.S.S.G Appendix C. Amendment 794. The language of the amendment indicates that the commission intended it to be a clarifying amendment. In the past a defendant who may have been denied a mitigating role adjustment because he or she was "integral" or indispensale to the commission of the offense. United States Vs. Skinner, 690 F.3d 772 (6th Cir. 2012) (a defendant who plays a lesser role in a criminal scheme may nontheless fail to qualify as a minor participant if this role was indispensible or critical to the success of the scheme."); United States Vs. Panaigua-Verdugo, 537 f. 3d 722,

(7th Cir. 2008)(defendant "played an integral part in the transaction and therefore did not deserve a minor participant reduction." however, a finding that the court must asses there was essential to the offense does not alter the requirement expresses in Note 3(A), (United States V. Miller 91F.3.d 1160 8th Cir) the courts lack evidence that the defendant controlled other precluded a manager role. The fact that a defendent performs an essential or indispensable role in the criminal activity is not determinative,(United States V. Avila 95 F.3d 887 9th Cir 1996) a defendant who was the sole contact between the buyer and the seller was not an organizer, (United States V. Jobe 10F.3d 1046 5th Cir. 118 s. CT 81 1997) defendant position as bank director did not justify managerial role when he did not manage or supervise other such a defendant may recieve an adjustment under this guideline if he or she is substantially less culpable than the average participant in criminal activity. (United States V. Glinton 154F.3d 1245 11 Cir. 1998) no managerial role apply for defendant who did not supervise or control other.

"Sentencing Counsel was deficient for failing to argue for a 'minor participant' downward departure." See United States V. Headley 923 F.2d 1079, 1083-84 (3d cir. 1991). At Cunningnams sentencing Nickols never mentioned the possibility or a mionor role reduction. See United States V. Harvest

(11)

168 F.3d 398 (10th cir. 1999) where the court ordered an evidentiary hearing to determine whether counsel was ineffective for failing to request a minor reduction. See United States v. Diaz No. 16-50102 (9th cir. March 9th 2018) The Nineth Cir held that "3B1.2 provides 'a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered' for the reduction, and 'the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.'" of whether a minor-role adjustment should be granted.

Nickol's failure to raise or argue for the minor role adjustment rendered his assistance ineffective and prejudiced Cunningham's sentencing.

# GROUND TWO FOR RELIEF

(1) Ineffective Assistance of Counsel
(B) Petitioner's attorney failed to suppress evidence

In Gentry V. Sevier, 597 F. 3d 838, 851-52 (7th Civ 2010) the court held that counsels failure to object to suppressible evidence was pejudicial because no other facts on the record could have convicted defendant of the crime.

Nickols failed to submit a Motion to Suppress Evidence after discovering that the testiment of guilt by Ms. Cunningham was illegally obtained by detectives for failing to marandise. When mentioned by Ms. Cunningham Nickols agreed that he could put in a Motion to Suppress. Weeks later Nickols advises Ms. Cunningham it would be best to plead guilty to avoid a 30 year sentence.

"A conviction on a guilty plea that is entered solely as a result of faulty legal advice is a miscarraige of Justice." See United States v. Scott, 625 F. 2d 623 (5th cir. 1981)

Majority of Ms. Cunningham's case is based on hearsay. It is logical to assume without Ms. Cunninghams "admittance of guilt" she would not have been righty convicted in court considering all other evidence. None of which she sold drugs for Joshua Friar. All other evidence is contradictory.

(13)

## GROUND THREE FOR RELIEF

(1) Ineffective Assistance of Counsel
(c) Petitioners attorney failed to investigate defense or evidence.

"Failure to interview witnesses or discovery of mitigating evidence may be a basis for finding ineffective assistance of counsel." See Kramer V. Kemna, 21 F.3d 305, 309 (8th Cir. 1994) "A lawyer who fails to adequately investigate, and to introduce into evidence, records that demonstrate his clients factual innocence or that raised sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." See Hart V. Gomez, 174 F.3d 1067 (9th Cir. 1999).

Ms. Cunningham spoke with Nickols on several occasions about how she felt that her confession was coerced. On January 28, 2020 Cunningham was arrested for a parole violation. While in booking jail Cheif Dale Pierce took Cunningham out of the cell and requested her to follow her to his office where two detectives were waiting to speak with Ms. Cunningham. When she refused to speak to detectives and told them to take her back to booking Detective John Cocks responded by telling Cheif Pierce to "take care of her". Dale Pierce then grabbed Ms. Cunningham by the collar of her shirt and pushed her repeatedly through the hallway and eventually into mop buckets. At this point Ms. Cunningham felt intimidated by

law enforcement. Within a two week time period Mr. Pierce made several remarks to Ms. Cunningham saying "it would be in her best interest to speak with detectives." Ms. Cunningham took this as a threat and felt she had no other option but to speak to detectives the next time the requested her to meet with them.

When Cunningham explained to Nickols the situation he agreed that he would send a private investigator to McCulloch County Jail to collect camera footage of this incident. He told Cunningham he would get back with her. Nickols met with Ms. Cunningham weeks later explaining it would be best if she plead guilty. That she would have "better luck winning the lottery" than winning a trial. On several occasions Cunningham explained to Nickols she did not sell drugs. She only told Friar what he needed to hear to get drugs from him which were small quantities for personal use. Again Nickols advised her she should plead guilty.

"When a defense counsel fails to investigate his clients only possible defense, although requested to do so by her; and fails to subpoena witnesses in support of the defense, it can hardly be said that the defendant has had the effective assistance of counsel" See Gomez v. Beto 462 F.2d 596, 597 (5th Cir. 1972). Nickols failed to interview potential witnesses that could have

contradicted evidence against her stating she had recieved drugs everyday for two months.

"At minimum counsel has the duty to interview potential witnesses and fail to make an independent investigation of the facts and circumstances of the case." See Nealy v. Cabana 764, F.2d 1173, 1177 (5th Cir. 1994); United States V. Dawson, 857 F.2d 923 (3d Cir. 1998)

At no point did Nickols make any effort to locate or interview the potential witnesses with rendered his preformance deficient. See United States V. Grey, 878 F.2d 702 (3d Cir. 1989) Soffar V. Dretke, 368 F.3d 441, 473-74 (5th Cir. 2004).

## CONCLUSION

For the above and forgoing reasons Ms. Cunningham's conviction and sentence should be vacated. In the alternative, it is respectfully requested that the court hold an evidentiary hearing, and appoint Ms. Cunningham counsel whom has experience with the nature of Ms. Cunningham's case so that Ms. Cunningham may further prove her meritorious grounds for relief, resolve facts in dispute between the parties and expand an incomplete record.

Date 05/06/2023

Respectfully Submitted

*Ariel Cunningham*

Ariel Cunningham
Reg. No. 70437509
F.D.C. Miami
P.O. Box 019120
Miami FL, 33101
Appearing Pro Se

(17)

## DECLARATION OF ARIEL CUNNINGHAM

I, Ariel Nicole Cunningham, declarant herein, declare and attest to to the facts in the above and foregoing memorandum of law in support of Motion under 28 U.S.C. § 2255 to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C § 1746 and that I placed the memorandum of law in the mailbox of this institution on Date 05/06/2023

Signature of Ariel Nicole Cunningham
*Ariel Cunn*
Date 05/06/2023

Case 6:23-cv-00029-P   Document 3   Filed 05/16/23   Page 17 of 18   PageID 29

sriel Cunningham 70437509
DC Miami
O. Box 019120
Miami FL, 33101



X-RAY

Federal Courthouse
Ft. Worth Division
501 W. 10th Street, Room 310
Fort Worth, TX 76102

LEGAL MAIL